**MENG JIN LIN, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 05–0036–AG.**

United States Court of Appeals,
Second Circuit.

May 18, 2006.

Meng Jin Lin, Flushing, New York, for Petitioner, pro se.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Edmund E. Chang, Brian P. Netols, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 18th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Meng Jin Lin petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Philip Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision directly as the final agency determination. *See, e.g.,* *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–57 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ The IJ based his adverse credibility finding in this case on three grounds: (1) that Lin testified that the police had tried to arrest him at his house *before* he fled for Shanghai and Beijing, whereas his asylum application only recounted police visits to his home *after* he was already in Beijing; (2) that Lin's testimony regarding when he started practicing Falun Gong and when Chinese officials began looking for him conflicted with a letter submitted by Lin's parents; (3) that Lin failed to provide certain corroborative evidence in support of his claim. The IJ findings are supported by the record and provide substantial evidence in support of his adverse credibility determination. Accordingly, we defer to the IJ's decision. *See Zhou Yun Zhang,* 386 F.3d at 74 ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.").

█ Because the IJ properly determined that Lin was unable to present credible objective evidence establishing his eligibility for asylum, he was also correct in determining that Lin did not establish eligibility for withholding of removal, which carries a higher burden of proof. Moreover, because Lin did not address the IJ's denial of CAT relief in his brief, he has waived any challenge to that finding. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).